```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**MAUSHANIA JOHNSON**                                              **PLAINTIFF**

VS.                                          CIVIL ACTION NO. 3:05-CV-276BS

**MISSISSIPPI DEPARTMENT OF CORRECTIONS**                          **DEFENDANT**

### OPINION AND ORDER

This cause is before the Court on the Motion in Limine of Plaintiff, filed on May 30, 2006, under docket entry no. 39, and the Motion in Limine of Defendant, also filed on May 30, 2006, under docket entry no. 38. The Court will now consider the various evidentiary issues raised in both Motions.

### I. Plaintiff's Motion in Limine

Plaintiff first moves to exclude any testimony regarding a sexual abuse incident that occurred when she was a child. In its Response, Defendant states that it does not intend to introduce any such evidence; therefore, the Court will grant this portion of Plaintiff's Motion as confessed.

The second portion of Plaintiff's Motion seeks to exclude various documents of Defendant, including a unit registry, count sheets, and a chart of Defendant's terminated employees. Plaintiff, however, has withdrawn this portion of her Motion. The Court therefore denies this part of Plaintiff's Motion.

### II. Defendant's Motion in Limine

Defendant first seeks exclusion of the Letter of Determination issued by the Equal Employment Opportunity Commission ("EEOC") on October 22, 2004. Defendant argues, *inter alia*, that the Letter of Determination presents a legal conclusion that would unfairly prejudice a jury and should be excluded under Rule 403 of the Federal Rules of Evidence. The Court agrees. In <u>EEOC v. Manville Sales Corp.</u>, 27 F.3d 1089, 1095 (5th Cir. 1994), the United States Court of Appeals for the Fifth Circuit upheld the decision of a district court to exclude a letter of violation. Recognizing the difference in a "reasonable cause" letter and a letter of violation, the court in <u>Manville Sales</u> stated that "a letter of violation represents a determination by the EEOC that a violation of the Act has occurred and thus results in a much greater possibility of unfair prejudice." <u>Id.</u> (citation omitted). The Letter of Determination in the instant case appears to be akin to the letter of violation at issue in <u>Manville Sales</u>. The following statement in the Letter of Determination is particularly prejudicial: "I have determined that the evidence obtained during the investigation establishes a violation of the statute." The Court concludes that the probative value of the Letter of Determination is substantially outweighed by the unfair prejudice that would result. Accordingly, the Letter of Determination will not be allowed into evidence.

Second, Defendant seeks to prevent the entire EEOC file from being introduced into evidence at trial. Based on representations made by Plaintiff's counsel at the pretrial conference for this case, Plaintiff does not intend to introduce the entire EEOC file at trial. Plaintiff does however intend to introduce certain documents contained in the EEOC file, including the Charge of Discrimination, the Amended Charge of Discrimination, and Defendant's March 17, 2004, Letter of Response. The Court finds that the EEOC file in its entirety should not be introduced as evidence at trial. However, the Court will allow Plaintiff to introduce the Charge of Discrimination, the Amended Charge of Discrimination, and the March 17, 2004, Letter of Response.

Third, Defendant objects to the admissibility of any statements regarding Plaintiff's hearing-impaired child or statements regarding Plaintiff's house that was destroyed by fire after she was allegedly terminated by Defendant. Plaintiff has confessed this aspect of Defendant's Motion. Thus, Defendant's Motion will be granted as to any testimony regarding the above described circumstances.

Fourth, Defendant moves to limit Plaintiff from introducing any evidence of lost wages and economic damages that would exceed the $11,292 she claimed were her lost wages in her Answers to Defendant's Interrogatories. The Court finds that this aspect of

Defendant's Motion is premature and will therefore deny this aspect of the Motion, without prejudice.

Fifth, Defendant seeks exclusion of any evidence of other acts of discrimination, retaliation, or harassment allegedly committed by Defendant or its employees against someone other than Plaintiff. Plaintiff does not intend to introduce any such evidence. Therefore, the Court will grant this aspect of Defendant's Motion as confessed.

Finally, Defendant seeks to exclude any evidence that Plaintiff was forced to take or that Defendant withheld or refused to grant vacation time to Plaintiff on July 3 and/or 4, 2003. The Court finds that any such evidence should not be admitted and grants this aspect of Defendant's Motion.

### III.  Conclusion

IT IS THEREFORE ORDERED that the Motion in Limine of Plaintiff [docket entry no. 39] is hereby granted in part and denied in part under the conditions set forth above.

IT IS FURTHER ORDERED that the Motion in Limine of Defendant [docket entry no. 38] is hereby granted in part and denied in part under the conditions set forth above.

SO ORDERED this the 21st day of June, 2006.

s/ William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE

blj